THE STATE OF KANSAS, *Appellant,* v. SAMUEL NITE, *Appellee.*

No. 16,564.

PAROLE — *Conviction of Manslaughter — County Jail Sentence.* The statute held to authorize the district court to parole a person sentenced to the county jail upon a conviction of manslaughter in the third degree.

Appeal from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed November 6, 1909. Affirmed.

*Fred S. Jackson,* attorney-general, and *Edgar Roberts,* county attorney, for the appellant.

*W. R. Hopkins,* and *O. H. Foster,* for the appellee.

*Per Curiam:* Samuel Nite was convicted of manslaughter in the third degree and sentenced to imprisonment in the county jail for one year, and to the judgment the court added an order that upon giving a bond of $1000 for his good behavior and appearance in court from time to time he would be paroled. In an appeal from the order of parole the state contends that under the provisions of chapter 178 of the Laws of 1907 there was no power in the court to parole the appellee, or anyone else convicted of manslaughter. In section 2 of that chapter specific authority is given to district courts and courts of common pleas to parole persons "against whom a fine has been assessed or a jail sentence imposed by said court or any person actually confined in jail under judgment of a justice of the peace, city court, or other like inferior court, but not police court." Under this section the power to parole depends upon the punishment imposed and not upon the crime charged or of which the defendant was convicted. No mention is made of either misdemeanor or felony in the section, but it simply provides that at the discretion of the trial court it may parole a convict against whom a fine is assessed or a jail sentence is imposed. The provision is so explicit that no room is left for interpretation.

Nothing in section 3 would justify reading into section 2 a limitation wholly inconsistent with the positive language of that section. Provision is made in section 3 for the parole of another class of persons, based on different conditions. It authorizes the parole of minors convicted of any felony, except murder, manslaughter, rape, arson, or robbery, where the punishment provided for is imprisonment in the penitentiary or industrial reformatory.

While the whole act relates to the general subject of the parole of persons convicted of crime, each section of the act treats of different classes of convicts, and each is complete in its provisions so far as the power to pa-

role is concerned. The court had undoubted power to parole the appellee, and it is conceded that the exercise of the discretion of the court in such cases is not open to review. The order is affirmed.